Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara L. Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 8/17/2026

August 11, 2026

**MEMORANDUM ENDORSED**

**By ECF**
Honorable Gregory Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Michael Zayas*, 26 Cr. 107 (GHW)

Dear Judge Woods,

I write regarding Michael Zayas's sentencing submission, filed yesterday, August 10. The submission includes three video exhibits, which were delivered to Chambers and opposing counsel today via USB drive. Pursuant to the Court's Individual Rules, I am also preparing to file those exhibits with the Clerk of Court. However, because all three videos depict individuals, some of whom are likely minors, engaged in acts of physical violence and publicly filing would reveal their identities, I respectfully request permission to file them under seal.

The Government has no objection to this request. Thank you for considering it.

Respectfully submitted,

Ariel Werner, Assistant Federal Defender
Federal Defenders of New York
(212) 417-8700

Application denied without prejudice. "[T]he First Amendment right of access applies to sentencing memoranda and accompanying exhibits, which therefore can be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Greenwood*, 145 F.4th 248, 253 (2d Cir. 2025) (internal quotation omitted). The application to seal these exhibits does not provide sufficient justification to support such a finding. The fact that the materials depict "individuals . . . engaged in acts of physical violence" does not justify sealing the materials. The defendant has not identified a higher value that the sealing of evidence of physical violence is necessary to protect. Nor does the assertion that some of the people shown in the videos "are likely" minors by itself support the requisite finding. No name of an individual known to be a minor is depicted in the videos. The defendant has not identified a higher value served by sealing any evidence of misconduct by a person who may be a minor. The videos appear to be outtakes from social media accounts. The defendant has not represented that the materials have not already been made public. This makes it challenging for the Court to conclude that the exhibits should be sealed from public exposure notwithstanding the First Amendment presumption of public access that applies to the records. The fact that the videos must be accessed through the Clerk of Court and cannot be accessed using the ECF platform makes it more difficult for the Court to make the requisite findings to support sealing on the basis asserted by the defendant in his letter. That the Government does not object to the sealing request is not dispositive, for the interest at issue the public's right under the First Amendment.
The Clerk of Court is directed to terminate the motion pending at Dkt. No. 21.
SO ORDERED.

Dated: August 17, 2026
New York, New York

GREGORY H. WOODS
United States District Judge